# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARIO DAVIS, #231964,

        Petitioner,

v.                                        Case No. 15-14420

TONY TRIERWEILER,

        Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Michigan prisoner Mario Durrel Davis ("Petitioner"), acting pro se, brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial in the Oakland County Circuit Court in 2013, Petitioner was convicted of possession with intent to deliver less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), possession of less than 25 grams of heroin, Mich. Comp. Laws § 333.7403(2)(a)(v), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, three counts of possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, two counts of resisting or obstructing a police officer, Mich. Comp. Laws § 750.81d, possession of marijuana (second offense), Mich. Comp. Laws § 333.7403(2)(d) and Mich. Comp. Laws § 333.7413(2), and driving with an unlawful blood alcohol level, Mich. Comp. Laws § 257.625(1)(c). He was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 3 to 40 years imprisonment on the cocaine and felon in possession convictions, concurrent terms of 3

to 15 years imprisonment on the heroin and resisting or obstructing a police officer convictions, a concurrent term of 1 to 2 years imprisonment on the marijuana conviction, a concurrent term of 180 days in the Oakland County Jail on the driving conviction, and concurrent terms of 2 years imprisonment on the felony firearm convictions, to be served consecutively to the other sentences.

In his pleadings, Petitioner raises claims concerning the legality of a search, the sufficiency of the evidence, a drug quantity error at the preliminary examination, the admission of drug profile testimony, the conduct of the prosecutor, the effectiveness of trial counsel, the state court's jurisdiction, and the trial court's control of the proceedings. For the reasons that follow, the court denies with prejudice the habeas petition. The court also denies a certificate of appealability.

## I. BACKGROUND

Petitioner's convictions arise from an incident on February 28, 2013 in Oak Park, Michigan, in which the police found him asleep at the wheel of his car. Drugs, a gun, and a significant amount of cash were in his possession. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> The police discovered defendant sleeping in his car, which was in the roadway and stopped at a red light. The vehicle was in gear and defendant's foot was on the brake. From outside the car, an officer could see a liquid-filled cup in the center console and an empty liquor bottle on the front passenger seat. When the police removed defendant from the car, they smelled both alcohol and an odor of marijuana emanating from inside.
>
> The police searched defendant and his car, and they found marijuana on

defendant's person and a gun in the car's glove compartment. They placed defendant under arrest and took him to the police station. While at the station, defendant attempted to eat a small bag of cocaine and struggled with police officers when they tried to stop him from doing so. The police also found a small packet of heroin on defendant's person during a more thorough search at the police station.

The prosecutor charged defendant with the following crimes: (1) possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv); (2) possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(v); (3) felon in possession of a firearm, MCL 750.224f; (4) three counts of possession of a firearm during the commission of a felony, MCL 750.227b; (5) two counts of resisting or obstructing a police officer, MCL 750.81d; (6) possession of marijuana (second offense), MCL 333.7403(2)(d) and MCL 333.7413(2); (7) and driving with an unlawful blood alcohol level, MCL 257.625(1)(c).

At trial, defendant denied that he intended to deliver the cocaine, and asserted that he did not know of the gun's location in the car. The jury clearly did not believe defendant's protestations, and convicted him of all charges.

*People v. Davis*, No. 318059, 2015 WL 501928, *1 (Mich. Ct. App. Feb. 5, 2015) (unpublished). Additionally, the court adopts the more-detailed statement of facts set forth by the prosecution on direct appeal to the extent that those facts are consistent with the state court record. *See* Pros. App. Brf., pp. 1–13.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals proffering briefs filed both by counsel and in pro per that essentially raised the same claims as presented on habeas review. The court denied relief on those claims and affirmed his convictions. *Id.* at *1–7. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Davis*, 498 Mich. 873, 868 N.W.2d 626 (2015).

Petitioner thereafter filed his federal habeas petition. He raises the following claims as grounds for relief:

I.      Petitioner's Fourth Amendment rights were violated by the warrantless search of his vehicle and the locked glove box compartment following Petitioner's arrest for operating under the influence of liquor; the state appellate court decision is an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

II.     The evidence was insufficient to support Petitioner's convictions for felon in possession of a firearm and felony firearm beyond a reasonable doubt.

III.    Petitioner should be granted a new trial and/or a charge reduction where the prosecutor presented material false and/or inaccurate information at the preliminary examination.

IV.     The evidence of possession with intent to deliver cocaine was insufficient where the prosecutor failed to prove beyond a reasonable doubt that Petitioner intended to deliver the very small amount of cocaine.

V.      Petitioner was denied a fair trial by the introduction of improper drug profile testimony.

VI.     The prosecutor denied Petitioner a fair trial by asserting a fact not in evidence in order to argue Petitioner's guilt of possession with intent to deliver heroin.

VII.    Petitioner was denied a fair trial where trial counsel failed to produce crucial evidence at trial and failed to request a continuance so that Petitioner's mother could appear and testify.

VIII.   Petitioner was denied his fundamental due process protections to a fair trial under both state and federal constitutions, when the trial court arraigned Petitioner without first having acquired subject-matter jurisdiction over Petitioner, creating a jurisdictional defect, that not only voids Petitioner's convictions, but demand his immediate release.

IX.     Petitioner was denied his fundamental due process protections to a fair trial as guaranteed under both the state and federal constitutions, when the trial court failed to control the proceedings at all times which resulted in Petitioner's void convictions.

X.      Petitioner was denied his fundamental due process protections to a fair trial as guaranteed under both the state and federal

constitutions, when the prosecution failed in its duty to insure a fair trial, which mandates Petitioner's immediate release from custody and a bar to re-prosecution.

XI.     Petitioner was denied his fundamental due process protections to a fair trial as guaranteed under both the state and federal constitutions, when Petitioner was denied counsel at the critical "pre-trial" stage of the proceedings for refusal to investigate the case, for refusal to object to the court's failure to control the proceedings; and for refusal to object to the prosecutorial misconduct, all of which are tantamount to abandonment by counsel that results in structural error.

Respondent has filed an answer to the petition contending that it should be denied because certain claims are barred by procedural default and because all of the claims lack merit.

## II. STANDARD

Because Petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, the provisions of the AEDPA govern this case.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333 n.7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even

a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*; *see also White v. Woodall*, __ U.S. __, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, __ U.S. __, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, __ U.S. __, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court")

(quoting *Wright v. Van Patten*, 552 U.S. 120, 125–26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71–72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, __ U.S. __ 135 S. Ct. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Lastly, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. DISCUSSION

### A. Procedural Default

As an initial matter, Respondent contends that several of Petitioner's habeas claims are barred by procedural default due to his failure to make timely objections and the Michigan courts' denial of relief based upon those failures to object. On habeas review, however, federal courts "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Such is the case here. The procedural issues are somewhat complex and intertwined with the substantive claims, and the substantive claims are more readily decided on the merits. Accordingly, the court need not address the procedural default issues and shall proceed to the merits of the habeas claims.

### B. Merits

### i. Illegal Search (Habeas Claim I)

Petitioner first asserts that he is entitled to habeas relief because the search of his car and seizure of evidence was illegal. Respondent contends that this claim is not cognizable on habeas review. The Michigan Court of Appeals denied relief on this claim finding that the police had probable cause to search the car because they smelled marijuana and that the trial court did not err in refusing to suppress the gun as

evidence.  *Davis*, 2015 WL 501928 at *1–2.

It is well-settled that federal courts will not address a Fourth Amendment claim on habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by a failure of the state's corrective process.  *See Stone v. Powell*, 428 U.S. 465, 494–95 (1976).  A court must perform two distinct inquiries when determining whether a petitioner may raise an illegal arrest claim in a habeas action.  First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim.  Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism."  *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).  Michigan has a procedural mechanism which presents "an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim."  *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005) (Gadola, J.).  This procedural mechanism is a motion to suppress, ordinarily filed before trial.  *See People v. Ferguson*, 376 Mich. 90, 93–94, 135 N.W.2d 357, 358–59 (1965) (describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal).  Consequently, Petitioner is entitled to relief on this claim only if he shows that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner makes no such showing.  To the contrary, he was able to raise his

illegal search issue in a suppression motion before the trial court and again on direct appeal and was denied relief. His Fourth Amendment claim is thus not cognizable on federal habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted on this claim.

## ii. Sufficiency of the Evidence (Habeas Claims II & VI)

Petitioner next asserts that he is entitled to habeas relief because the prosecutor failed to present sufficient evidence to support his convictions for felon in possession of a firearm and felony firearm, as well as his conviction for possession with intent to deliver cocaine. Respondent contends that these claims lack merit.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review—the factfinder at trial and the state court on appellate review—as long as those

determinations are reasonable.  *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

"[I]t is the responsibility of the jury—not the court—to decide what conclusions should

be drawn from the evidence admitted at trial."  *Cavazos v. Smith*, 565 U.S. 1, 2 (2011)

(per curiam).  "A reviewing court does not re-weigh the evidence or re-determine the

credibility of the witnesses whose demeanor has been observed by the trial court."

*Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v.*

*Lonberger*, 459 U.S. 422, 434 (1983)).  Accordingly, the "mere existence of sufficient

evidence to convict . . . defeats a petitioner's claim."  *Matthews*, 319 F.3d at 788–89.

    With respect to the firearm offenses, Petitioner asserts that the prosecution

failed to present sufficient evidence that he possessed the firearm found in the car.

Under Michigan law, the elements of felon in possession of a firearm are:  (1) the

defendant was convicted of a felony, (2) the defendant possessed a firearm, and (3) at

the time of possession less than three or five years, depending on the underlying

felony, has passed since the defendant completed his term of incarceration, satisfied

all conditions of probation and parole, and paid all fines.  *People v. Perkins*, 262 Mich.

App. 267, 270, 686 N.W.2d 237 (2004), *aff'd* 473 Mich. 626, 703 N.W.2d 448 (2005);

Mich. Comp. Laws § 750.224f.  The elements of felony firearm are:  (1) the defendant

possessed a firearm, (2) during the commission of, or an attempt to commit, a felony

offense.  Mich. Comp. Laws § 750.227b; *People v. Akins*, 259 Mich. App. 545, 554,

675 N.W.2d 863 (2003) (quoting *People v. Avant*, 235 Mich. App. 499, 505, 597

N.W.2d 864 (1999)).  Possession of a firearm can be actual or constructive and can be

proven by circumstantial evidence.  *People v. Hill*, 433 Mich. 464, 446 N.W.2d 140, 143

(1989).  "[A] defendant has constructive possession of a firearm if the location of the

weapon is known and it is reasonably accessible to the defendant." *Id.*

Applying the *Jackson* standard and the aforementioned state law, the Michigan

Court of Appeals denied relief on this claim. The court explained in relevant part:

> Here, the gun at issue was located in the locked glove compartment of
> the car, and the glove compartment could be unlocked by the same key
> that operated the car's ignition. Defendant had control of both the key and
> the car, was the sole occupant in the vehicle, and had other personal
> items inside it. A police officer testified that the glove compartment was
> within reach of the driver's seat. The glove compartment also contained
> paperwork belonging to defendant, which indicates that defendant had
> access to the compartment-and the gun (and loose ammunition for the
> weapon) contained within. Accordingly, the prosecution presented more
> than sufficient evidence to establish that defendant possessed a firearm.

*Davis*, 2015 WL 501928, at *3 (footnotes omitted).

The state court's decision is neither contrary to Supreme Court precedent nor an

unreasonable application of federal law or the facts. The prosecution presented

sufficient evidence to support Petitioner's weapons convictions. The police testimony

established that Petitioner was the only one in the car, that the gun was in the glove

box along with ammunition and paperwork with Petitioner's name on it, that the glove

box was within Petitioner's reach, that the glove box, while locked, could be opened

with the ignition key, and that Petitioner had possession of the key and the car at the

time of the police encounter. Viewed in a light favorable to the prosecution, such

testimony was sufficient for the jury to conclude beyond a reasonable doubt that

Petitioner possessed the gun so as to support his convictions for felon in possession of

a firearm and felony firearm.

Petitioner challenges the inferences that the jury drew from the evidence

presented at trial. However, it is the job of the fact-finder at trial, not a federal habeas

court, to resolve such evidentiary conflicts. *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002). A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos*, 565 U.S. at 7 (quoting *Jackson*, 443 U.S. at 326); *Walker v. Engle*, 703 F.2d 959, 969–70 (6th Cir. 1983) (same). The trial court's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable. The evidence at trial, viewed in a light favorable to the prosecution, easily established beyond a reasonable doubt that Petitioner committed the weapons offenses of which he was convicted.

Petitioner also asserts that the prosecution failed to present sufficient evidence that he intended to deliver the cocaine so as to support his conviction for possession with intent to deliver less than 50 grams of cocaine. Under Michigan law, the elements of the offense are: (1) that the recovered substance is cocaine, (2) that the cocaine is in a mixture weighing less than 50 grams, (3) that defendant was not authorized to possess the substance, and (4) that defendant knowingly possessed the cocaine with the intent to deliver. *People v. Wolfe*, 440 Mich. 508, 516–17, 489 N.W.2d 748, *mod.* 441 Mich. 1201 (1992). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *People v. Nowack*, 462 Mich. 392, 399–400, 614 N.W.2d 78 (2000); *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993); *see also People v. Johnson*, 146 Mich. App. 429, 434, 381 N.W.2d 740 (1985), including identity, *Kern*, 6 Mich. App. at

409–10, and intent or state of mind.  *People v. Dumas*, 454 Mich. 390, 398, 563

N.W.2d 31 (1997).  Intent to deliver drugs may be inferred from the quantity of the

drugs, the way the drugs are packaged, and other circumstances of the arrest, such as

the possession of a large sum of money and the absence of drug paraphernalia.

*Wolfe*, 440 Mich. at 525.

Citing the foregoing standards, the Michigan Court of Appeals denied relief on

this claim.  The court stated in relevant part:

> Here, defendant possessed less than three grams of cocaine in a single
> package. Other factors indicated that defendant intended to deliver the
> cocaine, including his possession of: (1) many small Ziploc bags (which
> might have been used to package drugs for sale); (2) $1,800 in cash
> (which could have been the proceeds of drug sales); and (3) guns and
> ammunition (which might have been used to protect a drug-selling
> operation). Defendant also had three different drugs in his possession,
> and a police expert in narcotics trafficking testified that it would be
> unusual for a drug abuser to possess all three for his own use. Moreover,
> defendant explicitly stated at the police station that he both uses drugs
> and supplies them to others.
>
> The prosecution accordingly presented sufficient evidence to enable the
> jury to find beyond a reasonable doubt that defendant intended to deliver
> the cocaine found in his possession.

*Davis*, 2015 WL 501928 at *4 (footnotes omitted).

The state court's decision is neither contrary to Supreme Court precedent nor an

unreasonable application of federal law or the facts.  The police and expert testimony

at trial revealed that while Petitioner possessed less than three grams of cocaine, had

also had two other types of drugs in his possession, he had several small Ziploc bags

which could be used to package drugs for sale, he had a large amount of cash which

could be drug proceeds, and he had a gun and ammunition which could be used for

protection.  Petitioner also admitted to police that he used drugs himself and provided

them to other people.  Such evidence was sufficient for the jury to conclude beyond a reasonable doubt that Petitioner had the requisite intent to deliver the cocaine in his possession.

Petitioner again challenges the inferences that the jury drew from the evidence presented at trial.  As noted, however, it is the job of the fact-finder at trial, not a federal habeas court, to resolve such evidentiary conflicts.  *Jackson*, 443 U.S. at 326; *Martin*, 280 F.3d at 618; *see also Cavazos*, 565 U.S. at 7; *Walker*, 703 F.2d at 969–70.  The trial court's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable.  The evidence at trial, viewed in a light favorable to the prosecution, established beyond a reasonable doubt that Petitioner committed the offense of possession with intent to deliver less than 50 grams of cocaine.

Lastly, to the extent that Petitioner asserts that the trial court erred under state law in some fashion with regard to these insufficient evidence claims, he fails to state a claim upon which habeas relief may be granted.  *See, e.g.*, *King v. Trippett*, 27 F. App'x 506, 510 (6th Cir. 2001) (upholding district court's ruling that petitioner failed to state a habeas claim where he alleged that trial court erred in denying directed verdict motion).  State courts are the final arbiters of state law and federal courts will not intervene in such matters.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court on habeas review."); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Habeas relief does not lie for perceived errors of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court

to reexamine state-court determinations on state-law questions."). Habeas relief is not warranted on these claims.

### iii.  Preliminary Examination Error (Habeas Claim III)

Petitioner next asserts that he is entitled to habeas relief because the prosecution presented testimony at the preliminary examination which overstated the amount of the cocaine discovered during the search.  Respondent contends that this claim lacks merit.

The deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with the rudimentary demands of justice.  *Giglio v. United States*, 405 U.S. 150, 153 (1972). There is also a denial of due process when the prosecutor allows false evidence or testimony to go uncorrected.  *Napue v. Illinois*, 360 U.S. 264, 269 (1959). To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements were material, and that the prosecutor knew they were false.  *Coe v. Bell*, 161 F. 3d 320, 343 (6th Cir. 1998).

The Michigan Court of Appeals denied relief on this claim, stating:

Defendant makes an unsupported (and unpreserved) claim that the prosecutor, at the preliminary examination, knowingly presented false testimony on the weight of the cocaine defendant possessed. However, the preliminary examination took place four days before the completion of the lab report analyzing the cocaine and its weight, and the trial court and defendant were aware of the true weight of the cocaine at trial. Defendant fails to explain how this initial testimony on the weight of the cocaine at the preliminary examination prejudiced him at trial, nor does he provide any support for his claim that the prosecutor knowingly presented false evidence at the preliminary examination. He accordingly has not shown that any error affected his substantial rights, and he is not entitled to

relief. *Carines*, 460 Mich. at 764.

*Davis*, 2015 WL 501928, at *4 n.12.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, the Supreme Court has held that the federal Constitution does not require that a probable cause hearing be conducted prior to a criminal trial. *Gerstein v. Pugh*, 420 U.S. 103, 119, 125 n.26 (1975). There is thus no federal constitutional right to a preliminary examination. *United States v. Mulligan*, 520 F.2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965). Consequently, errors at a preliminary examination are generally not subject to federal habeas review. *See Schacks v. Tessmer*, No. 00-1062, 2001 WL 523533, at *6 (6th Cir. May 8, 2001) (unpublished) (refusing to review state court determination that second-degree murder conviction rendered bind-over sufficiency of the evidence challenge moot). Second, even if Petitioner states a claim as to this issue, he fails to show that the prosecution knowingly presented false testimony. While the police testimony overstated the amount of cocaine seized from Petitioner, the testimony was given before the lab results were issued such that the prosecution cannot be said to have knowingly presented false testimony. Third, even if the prosecution erred in presenting the incorrect testimony at the preliminary examination, such an error would not call into question the validity of Petitioner's subsequent conviction or entitle him to habeas relief because the proper cocaine amount was presented to the jury at trial. See *Williams v. Campbell*, No. 15-CV-12914, 2016 WL 6873391, *10 (E.D. Mich. Nov. 22, 2016) (denying habeas relief on similar claim); *Cardenas-Borbon v. Burt*, No. 10-13548, 2014 WL 793629, *21 (E.D. Mich.

Feb. 27, 2014) (same).  In other words, any error at the preliminary examination was harmless.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (for purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict"); *see also Fry v. Pliler*, 551 U.S. 112, 117–18 (2007) (the *Brecht* standard applies in "virtually all" habeas cases); *Ruelas v. Wolfenbarger*, 580 F.3d 403, 411 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in the Sixth Circuit). Habeas relief is not warranted on this claim.

### iv.  Admission of Drug Profile Testimony (Habeas Claim V)

Petitioner also asserts that he is entitled to habeas relief because the trial court erred in admitting drug profile evidence through police expert testimony.  At trial, Oakland County Sheriff's Deputy Daniel Main was qualified by the court as an expert in narcotics trafficking.  He testified that the 2.23 grams of crack cocaine recovered from Petitioner had a street value of approximately $100.00 per gram, that crack cocaine is typically sold by the gram, half-gram, tenth of a gram, or two-tenths of a gram, and that he did not see any seized items consistent with the use of crack cocaine.  He testified that baggies like the ones seized from the car are often used to package drugs for sale, that used baggies typically indicate a drug user, and that clean baggies typically indicate a drug seller.  He further explained that if a seller is getting low on product, he will have more money on hand from sales.  Deputy Main opined that the items found in defendant's car, including the clean baggies, the lack of drug paraphernalia, the handgun, and the $1,800 in cash, were consistent with intent to distribute.  Trial Tr. II, pp. 71–78.  Respondent contends that this claim lacks merit.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *Estelle, supra*, 502 U.S. at 67–68; *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *Estelle*, 502 U.S. at 69–70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519–20 (6th Cir. 2007)).

The Michigan Court of Appeals denied relief on this claim, stating:

> Defendant unconvincingly, and wrongly, makes the unpreserved assertion that the police expert's testimony on the above evidence was "improper" "drug profile evidence." The police expert testified as to general information about the drug trade, specifically the significance of the items found (or not found) on defendant's person: guns are often used in the drug trade, drugs have a significant street value and dealers may accumulate large amounts of cash as they sell their supply, and tiny Ziploc bags are often used to package drugs for sale. The police expert did not testify that because defendant had these items in his possession he was ipso facto a drug dealer. His opinion on the ultimate issue to be decided was thus admissible, and there was no plain error. *People v. Ray*, 191 Mich App 706, 708; 479 NW2d 1 (1991); *People v. Carines*, 460 Mich. 750, 764; 597 NW2d 130 (1999). Nor was the trial court required to give a limiting instruction on the police officer's testimony. *People v. Rice* (On Remand), 235 Mich App 429, 444; 597 NW2d 843 (1999). There is no indication that defendant requested a limiting instruction. And not only did he fail to object to the absence of a limiting instruction, his attorney pronounced himself satisfied with the instructions given. Therefore, defendant waived any claim of instructional error. *People v. Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011).

*Davis*, 2015 WL 501928, at *4 n.11.

The state court's denial of relief is neither contrary to Supreme Court precedent

nor an unreasonable application of federal law or the facts.  First, Petitioner fails to cite

any federal case establishing that the admission of expert opinion testimony offends

fundamental principles of justice, and the court is aware of none.  Petitioner's allegation

that the evidentiary ruling is "fundamentally unfair" and violates due process does not

transform such a state law issue into a federal constitutional claim.  *See, e.g., Petrucelli

v. Coombe*, 735 F.2d 684, 688 (2d Cir. 1984) ("Alleging lack of a fair trial does not

convert every complaint about evidence or prosecutor's summation into a federal due

process claim.") (citations omitted).  There is generally no prohibition on a witness

offering opinion testimony which goes to an ultimate issue in a case.  Both the Federal

and Michigan Rules of Evidence permit such testimony.  *See* Fed. R. Evid. 704(a);

Mich. R. Evid. 704.  Thus, there is no clearly established federal law as determined by

the Supreme Court that suggests that the admission of such evidence violates the

Constitution.  *See Hopp v. Burt*, No. 03-10153, 2007 WL 162248, at *9 (E.D. Mich. Jan.

16, 2007) (Lawson, J.).

Second, Petitioner fails to show that the testimony was improper or that its

admission violated due process.  Under Michigan law, expert opinion testimony is

admissible "if the court determines that scientific, technical, or other specialized

knowledge will assist the trier of fact to understand the evidence or to determine a fact

in issue" and "if (1) the testimony is based upon sufficient facts or data, (2) the

testimony is the product of reliable principles and methods, and (3) the witness has

applied the principles and methods reliably to the facts of the case."  Mich. R. Evid.

702.  Lay opinion testimony is admissible if it is "(a) rationally based on the perception

of the witness and (b) helpful to a clear understanding of the witness' testimony or the

determination of a fact in issue." Mich. R. Evid. 701. The opinions and reliable conclusions of investigating police officers who have not been qualified as experts has also been deemed admissible under Michigan law when the testimony is based upon observations and is not dependent upon scientific expertise. *See People v. Oliver*, 170 Mich. App. 38, 49–50, 427 N.W.2d 898 (1988).

In this case, the police testimony regarding drug trafficking was based upon the officer's police training and experience in the field, the items found during the search of Petitioner's car and his person, and was relevant to the factual issues in the case, particularly the intent to distribute cocaine. Evidence of the practices of drug traffickers is generally admissible when relevant to the criminal charges. *See United States v. Combs*, 369 F.3d 925, 940 (6th Cir. 2008); *Valasquez v. Lafler*, No. 05-CV-73281, 2008 WL 3200290, at *9 (E.D. Mich. Aug. 5, 2008) (Roberts, J.). Moreover, the trial court properly instructed the jury about the consideration of opinion and expert testimony. Petitioner fails to show that the admission of the testimony deprived him of a fundamentally fair trial or otherwise violated his constitutional rights. *See, e.g., Rhodus v. Berghuis*, No. 07-CV-15009, 2010 WL 4260092, at *8–9 (E.D. Mich. Oct. 22, 2010) (Battani, J.) (denying habeas relief on similar claim). Habeas relief is not warranted on this claim.

### v. Prosecutorial Misconduct (Habeas Claim VI, X)

Petitioner also asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by arguing facts not in evidence and by failing to ensure that he had a fair trial. Respondent contends that these claims lack merit.

The United States Supreme Court has stated that prosecutors must "refrain from

improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial misconduct, however, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *see also Parker v. Matthews*, 567 U.S. 37, 45 (2012) (confirming that *Donnelly/Darden* is the proper standard).

Petitioner objects to the following statement made by the prosecutor during closing arguments:

> Also, the defendant indicates to you that he had gotten a tax return of $3,500.00 Well, I need to hire that tax person because if you take the testimony of the defendant at face value, that he was making $9.99 an hour and working forty hours a week, maybe at best, you're clearing $20,000 a year. He doesn't own any property. He doesn't have any deductions other than allegedly this one daughter. A $3,500 tax return, that's - - I - - I - - I need that tax man.

Trial Tr. II, pp. 177–78.

The Michigan Court of Appeals denied relief on this claim on plain error review finding that the prosecutor's statement was not improper.  The court explained:

> Here, defendant wrongly claims that the prosecutor argued facts not in evidence. As part of his defense, defendant claimed that the large amount of money he possessed was the remainder of a $3,500 tax refund. In her argument, the prosecutor implied that defendant would not have qualified for such a large refund—a reasonable inference from the evidence. Her statement was thus not plain error and did not affect defendant's substantial rights.

*Davis*, 2015 WL 501928, at *4.  The court further noted that the trial court's jury instructions that the lawyers' comments were not evidence "were sufficient to dispel any perceived prejudice created by the prosecutor's reference to the tax refund." *Id.* at

n.14.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner fails to show that the prosecutor's conduct was improper, let alone unfair. While prosecutors may not misstate the evidence, *United States v. Carter*, 236 F.3d 777, 784 (6th Cir. 2001), or argue facts not in evidence, *Abela v. Martin*, 380 F.3d 915, 929 (6th Cir. 2004), they can make arguments based upon the evidence and have "'leeway to argue reasonable inferences from the evidence' during closing arguments." *United States v. Crosgrove*, 637 F.3d 646, 664 (6th Cir. 2011) (quoting *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000)). Such was the case here. The prosecutor's argument was based upon a reasonable inference from the evidence.

Moreover, to the extent that the prosecutor's remarks could be seen as improper, they were not so pervasive or misleading as to affect the fairness of the trial. Any potential prejudice to Petitioner was mitigated by the fact that the trial court properly instructed the jurors on the law and explained that the attorneys' comments were not evidence. *See Knapp v. White*, 296 F. Supp. 2d 766, 776 (E.D. Mich. 2003) (Gadola, J.). Jurors are presumed to follow the court's instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it."). Petitioner fails to establish that the prosecutor's remarks during closing argument rendered his trial fundamentally unfair.

Petitioner also asserts that the prosecutor failed to ensure the fairness of his trial

with regard to the trial court's jurisdiction and control over the proceedings. The Michigan Court of Appeals denied relief on this claim, stating: "Defendant also argues that he was denied a fair trial because the trial court committed the supposed 'errors' described above, and the prosecutor did not 'correct' them. But, as noted, the trial court did not commit the errors of which defendant complains." *Davis*, 2015 WL 501928, at *6 n.20.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Given the state court's determination and/or this court's determination that the underlying issues lack merit, Petitioner cannot establish that the prosecutor erred by failing to ensure the fairness of his trial. Petitioner fails to establish that the prosecutor engaged in misconduct that rendered his trial fundamentally unfair. Habeas relief is not warranted on these claims.

### vi. Effectiveness of Trial Counsel (Habeas Claim VII, XI)

Petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to request a continuance so that his family members could testify and for failing to seek to admit his tax returns into evidence at trial. Petitioner also alleges that trial counsel's performance was so deficient that he was constructively denied counsel. Respondent contends that these claims lack merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This

requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland*

and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner first asserts that counsel was ineffective for failing to seek a continuance so that family members, particularly his mother, could testify in his defense. Citing the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim explaining in relevant part:

> Here, the record indicates that defendant wanted his grandmother and/or his mother to testify in his defense. Neither woman appeared at trial and counsel did not request a continuance until one or both could appear. Assuming the trial court would have granted an adjournment had the attorney asked, the lack of an adjournment did not cause defendant prejudice. The record provides no indication of what testimony the witness(es) would have offered or how that testimony might have benefitted defendant's case,[17] which fatally undermines defendant's claim that his attorney's failure to ask for an adjournment constituted ineffective assistance.
>
> [17] Defendant submitted an affidavit from his mother, which states that the gun belonged to a friend of hers. Were we to assume that the mother's affidavit is true, such testimony stating the same would have had no bearing on defendant's trial, because the weapons offenses of which defendant was convicted prohibit possession of a firearm, and do not relate to the ownership of a firearm.

*Davis*, 2015 WL 501928, at *5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Decisions as to what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy. When making strategic decisions, counsel's conduct must be reasonable.

*Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522–23. The failure to call a known alibi witness can constitute ineffective assistance of counsel, *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004), but counsel is not required to call a witness whose credibility is questionable. *Thurmond v. Carlton*, 489 F. App'x 834, 840 (6th Cir. 2012). The failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

In this case, Petitioner fails to demonstrate that he was prejudiced by counsel's conduct, i.e., that he was deprived of a substantial defense. He fails to present evidence of proposed testimony from his family members and/or to show that such testimony would have benefitted his defense. Conclusory allegations are insufficient to warrant federal habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing in habeas proceedings). Additionally, as explained by the state court, his mother's affidavit that the gun belonged to someone else would not have affected the outcome at trial because it does not negate the fact that Petitioner possessed the gun at the time of the police encounter that led to his arrest. Petitioner fails to establish that counsel erred and/or that he was prejudiced by counsel's conduct in failing to request a continuance.

Petitioner also asserts that trial counsel was ineffective for failing to seek the

admission of his 2012 tax returns into evidence at trial.  The Michigan Court of

Appeals, which expanded the record to include those tax returns, denied relief on this

claim.  The court stated:

> Defendant unconvincingly argues that counsel should have offered his
> 2012 tax returns as evidence to verify his testimony that he received a
> substantial tax refund shortly before the offenses occurred. Counsel
> might have had legitimate strategic reasons for not offering the tax
> returns as evidence. The returns were prepared by a tax agency on
> February 15, 2013—and provide no indication that the government
> issued a refund by February 28, 2013, when defendant was arrested.
> Moreover, the contents of the tax returns conflicted with defendant's trial
> testimony in several respects, including: his address at the time of the
> offenses, how much he earned from the temporary services agency, the
> nature of his side business, and how much he paid in rent.
>
> Because the tax returns did not prove that defendant received a tax
> refund before February 28, were otherwise extremely damaging to
> defendant's credibility, and would have enabled the prosecution to argue
> that defendant must have had a source of income other than what was
> reported on the tax returns, it was not objectively unreasonable—and in
> fact, was probably wise-for counsel to avoid introducing them at trial.
> Defendant accordingly did not receive ineffective assistance of counsel
> and his claims to the contrary are without merit.

*Davis*, 2015 WL 501928, at *5–6 (footnote omitted).

The state court's decision is neither contrary to Supreme Court precedent nor an

unreasonable application of federal law or the facts.  Counsel may have reasonably

decided not to seek admission of the tax returns because they would not establish that

Petitioner received the claimed refund by the time of his arrest—only 13 days after he

filed his return.  Additionally, counsel may have had concerns about the contradictions

between the information in the tax returns and Petitioner's trial testimony, which could

have exposed him to further legal difficulties.  Counsel's decision was a reasonable

trial strategy, and Petitioner fails to establish that counsel was ineffective in this regard.

Petitioner also asserts that trial counsel performed so deficiently that he was constructively denied counsel. The Supreme Court has limited the presumed prejudice standard to three types of ineffective assistance claims: (1) complete denial of counsel; (2) government interference with the right to counsel; and (3) conflicts of interest. *See Smith v. Robbins*, 528 U.S. 259, 287 (2000) (citing *Strickland*, 466 U.S. at 692; *United States v. Cronic*, 466 U.S. 648, 659 & n.25 (1984)). The Supreme Court has stated that the first category—complete denial of counsel—encompasses both actual and constructive denials of counsel, and that a constructive denial of counsel can occur where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U.S. at 659. For an ineffective assistance claim to come within this limited exception to *Strickland*, "the attorney's failure must be complete." *Bell v. Cone*, 535 U.S. 685, 697 (2002). The distinction is between "bad lawyering" and "no lawyering," *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990); *see also Moss v. Hofbauer*, 286 F.3d 851, 861 (6th Cir. 2002), and the difference is not one of degree, but one of kind. *Bell*, 535 U.S. at 697.

The Michigan Court of Appeals denied relief on this claim, stating:

> In his Standard 4 brief, defendant makes a number of additional unconvincing, unsupported and factually inaccurate allegations that his counsel's performance was so deficient that he did not receive assistance of counsel. The record indicates that defendant's attorney was familiar with the issues involved in the trial, as demonstrated by the fact that he sought to suppress the evidence found in defendant's car, and presented evidence at trial to counter the charge of possession with intent to deliver and the firearm-related offenses. Defendant fails to identify any witnesses or other information that his lawyer should have discovered that would have benefited him at trial. Defendant's other assertions—that his counsel provided him ineffective assistance by not questioning the trial court's jurisdiction, and not accusing the prosecutor of misconduct—are without merit, as detailed *infra* and *supra*, and "[d]efense counsel is not

required to make a meritless motion or a futile objection." *People v. Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003).

*Davis*, 2015 WL 501928, at *5 n.16.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner does not show that counsel completely failed to subject to the prosecution's case to meaningful adversarial testing. To the contrary, the record indicates that counsel actively represented Petitioner at trial. *See Moss*, 286 F.3d at 860–62. Counsel moved to suppress the evidence seized during the search of Petitioner's car and his person, participated in jury voir dire, made numerous objections at trial, cross-examined witnesses, and argued the defense theory of the case during opening statement and closing argument. Petitioner's ineffective assistance of counsel issues are run-of-the-mill trial error claims subject to the *Strickland* standard. *See, e.g., Bell*, 535 U.S. at 697–98. Counsel's alleged failures do not amount to a complete failure to provide a defense and the presumption of prejudice does not apply. Petitioner must show that he was actually prejudiced by counsel's alleged errors in order to obtain habeas relief. As discussed *supra*, he fails to do so.

Additionally, to the extent that Petitioner asserts that trial counsel failed to sufficiently investigate his case and formulate a trial strategy, he is not entitled to relief. First, his allegations are conclusory. As noted, conclusory allegations are insufficient to warrant habeas relief. *See Cross*, 238 F. App'x at 39–40; *Workman*, 178 F.3d at 771; *see also Washington*, 455 F.3d at 733. Second, the record indicates that counsel conducted a review of the case, moved to suppress evidence before trial, was

prepared for trial, and made reasonable defense arguments.  Petitioner fails to show

that counsel's alleged deficiencies deprived him of a substantial defense.  *See*

*Chegwidden*, 92 F. App'x at 311; *Hutchison*, 303 F.3d at 749.  He thus fails to establish

that counsel was ineffective in this regard.

Lastly, to the extent that Petitioner asserts that trial counsel was ineffective for

failing to object to the alleged instances of prosecutorial misconduct or trial court error,

he is not entitled to habeas relief.  Given the Michigan Court of Appeals' ruling and this

court's ruling that those underlying claims lack merit, Petitioner cannot establish that

counsel erred and/or that he was prejudiced by counsel's conduct.  Counsel cannot be

deemed deficient for failing to make a meritless argument or a futile objection.  *See*

*Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is

neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230

F.3d 221, 225 (6th Cir. 2000).  Petitioner fails to establish that counsel was ineffective

under the *Strickland* standard.  Habeas relief is not warranted on these claims.

### vii.  State Trial Court Jurisdiction (Habeas Claim VIII)

Petitioner next asserts that he is entitled to habeas relief because the state trial

court lacked subject matter and personal jurisdiction.  Respondent contends that this

claim is not cognizable.  The Michigan Court of Appeals denied relief on this claim

finding that the state circuit court had both subject matter and personal jurisdiction in

Petitioner's criminal proceedings.  *Davis*, 2015 WL 501928, at *6.

Petitioner is not entitled to habeas relief on any jurisdictional defect claim.  The

determination of whether a particular state court is vested with jurisdiction under state

law and is the proper venue to hear a criminal case is a "function of the state courts,

not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also*
*Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, at *2 (E.D. Mich. Aug. 7,
2008) (Battani, J.); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, at *2
(E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003
WL 1798109, at *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Wright v. Angelone*,
151 F.3d 151, 157–58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir.
1996). As discussed *supra*, a perceived violation of state law does not provide a basis
for federal habeas relief. *Estelle*, 502 U.S. at 67–68. A state court's interpretation of
state jurisdictional issues conclusively establishes jurisdiction for purposes of federal
habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, at *2 (6th
Cir. 2001). Petitioner thus fails to state a claim upon which habeas relief may be
granted as to this issue. Habeas relief is not warranted on this claim.

### viii. State Trial Court's Control of the Proceedings (Habeas Claim IX)

Lastly, Petitioner asserts that he is entitled to habeas relief because the state
trial court failed to sufficiently control the proceedings and ensure that he received a
fair trial. The Michigan Court of Appeals denied relief on this claim, stating in pertinent
part: "Defendant makes a number of other, unrelated claims of error in his Standard 4
brief that are frivolous and without merit. . . . Defendant also argues that he was denied
a fair trial because the trial court committed the supposed 'errors' described above. . . .
But, as noted, the trial court did not commit the errors of which defendant complains."
*Davis*, 2015 WL 501928, at *6 n.20.

The state court's decision is neither contrary to Supreme Court precedent nor an
unreasonable application of federal law or the facts. Given the state court's

determination and/or this court's determination that the underlying claims of error lack merit, Petitioner cannot establish that the trial court failed in its duty to provide Petitioner with a fair trial.  Habeas relief is not warranted on this claim.

## IV. CONCLUSION

For the reasons stated, the court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.  Accordingly, the court DENIES and DISMISSES WITH PREJUDICE the petition for a writ of habeas corpus (Dkt. #1.).

Before Petitioner may appeal the court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Having considered the matter, the court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims.  Accordingly, the court DENIES a certificate of appealability.

<u>s/Robert H. Cleland              /</u>
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 2, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522